# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 16-24102-CIV-COOKE/TORRES

ALRA SALMON,

      Plaintiff,

v.

LARRY JONES and PAUL JEAN-LOUIS,

      Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Alra Salmon brings this action *pro se*, alleging that Defendants Paul Jean-Louis and Larry Jones violated his constitutional rights by destroying and manufacturing evidence in his criminal case, thus leading to his wrongful conviction and deportation to Jamaica. Pending is Defendant Paul Jean-Louis's Motion to Dismiss[1] (ECF No. 42), wherein Defendant argues that Plaintiff's Complaint is barred by the statute of limitations. For the reasons that follow, Defendant's Motion is granted.

## I. BACKGROUND

At the time the actions in the Complaint occurred, Plaintiff was a permanent resident of the United States who resided in Miami, Florida. *Compl.*, ECF No. 1, at 1. In September 1991, while he was serving probation for a marijuana offense, Plaintiff traveled to Jamaica. *Id.* at 2, 4. Plaintiff returned to the United States on September 22, 1991, when Customs and Border Patrol officials stopped him at Miami International Airport and found him in possession of an unauthorized Pan Am flight coupon. *Id.* at 2. Defendant, an officer of the Miami Police Department, arrested Plaintiff and charged him with grand theft. *Id.* at 4. As a result of the new charge, Plaintiff was found to be in violation of his probation and was subsequently deported to Jamaica. *Id.* at 4–5. Plaintiff claims that the police records concerning his arrest are "false and incorrect," and that his charge for grand theft was based

---

[1] The instant Motion relates only to Defendant Paul Jean-Louis. Defendant Larry Jones was never served. *See Proof of Service,* ECF No. 41.

on "impossible" allegations. *Id.* at 5. Plaintiff attempted to obtain the court records surrounding his arrest, but was told the files were destroyed, hindering him from "fighting this case." *Id.* at 5–6. Plaintiff filed this lawsuit on September 26, 2016.

## II. DISCUSSION

Defendant argues that Plaintiff's Complaint is barred by the statute of limitations.[2] Federal courts apply a forum state's personal injury statute of limitations for § 1983 actions.[3] *Owens v. Okure*, 488 U.S. 235, 251 (1989). In Florida, the statute of limitations is four years from the date of the incident giving rise to the action. Fla. Stat. § 95.11(3)(p). However, the statute of limitations may be equitably tolled in certain instances. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id.* It is "'an extraordinary remedy,'" and "'is limited to rare and exceptional circumstances' and 'typically applied sparingly.'" *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005)). "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

Because Plaintiff is alleging a constitutional violation stemming from an arrest that occurred in 1991, Defendant argues that the statute of limitations expired in 1995. Plaintiff asserts that his claim is appropriate for equitable tolling because Defendant committed his alleged "criminal acts" in such a way as to prevent Plaintiff from finding out about them. *Aff. in Opp.*, ECF No. 48, at 10. Plaintiff argues that the statute of limitations should be tolled until 2011, when he claims that he learned his deportation was not the result of his probation violation, but was in fact the result of his conviction for grand theft. *Id.* at 5. Plaintiff asserts that he was never brought before a judge on the grand theft charge and that he would never have taken a plea on that charge because he was not guilty. *Id.* at 6. Plaintiff

---

[2] Because I agree that Plaintiff's claims are barred by the statute of limitations, I do not address Defendant's argument that the Complaint is barred by *res judicata*, the rule of *Heck v. Humphrey*, and qualified immunity.

[3] The Supreme Court has held that "§ 1983 claims are best characterized as personal injury actions" for statute of limitations purposes. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

also states that he lives in another country with limited resources, making it harder to have found out about Defendant's alleged manipulation of the record. Further, when Plaintiff requested the court records in his case, the Clerk of Court informed him they had been destroyed, preventing him from adequately fighting the charges. *Id.* at 6. Plaintiff does not specify when he requested these records or when he found out that they were destroyed.

However, as Defendant points out, even if equitable tolling were warranted because of Defendant's alleged illegal acts, the limitations period would have begun in 2011, when Plaintiff claims he discovered what had transpired. Thus, Plaintiff would still have been required to file suit by 2015—a year before he filed the instant Complaint. To the extent that Plaintiff is asking that the statute of limitations be tolled past 2011, Plaintiff is not entitled to such tolling. To be entitled to equitable tolling, Plaintiff must have acted with diligence and been prohibited by extraordinary circumstances from bringing suit. *See Sandvik*, 177 F.3d at 1271. Plaintiff was able to seek post-conviction relief through an attorney in 2012, and he sent a letter to the Department of Justice Civil Rights Division in 2013 seeking assistance on this issue. *Compl.* at 2, 6. Plaintiff does not explain why he was unable to file the instant Complaint by 2015, when he was able to seek post-conviction relief and contact the Department of Justice within the same timeframe. Accordingly, Plaintiff's Complaint is time barred and Defendant's Motion to Dismiss must be granted.

### III. CONCLUSION

In light of the above, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is barred by the relevant statute of limitations and is hereby **DISMISSED** *with prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, Miami, Florida, this 24th day of August 2018.

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Alra Salmon,* pro se
*Edwin G. Torres, U.S. Magistrate Judge*

3